IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JESUS BROWN,<br><br>           Plaintiff,<br><br>vs.<br><br>OFFICER CHAN, in their individual capacities; and SGT. MILLIKAN, in their individual capacities;<br><br>           Defendants. | 4:18CV3115<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the court on Defendant Jonathan Chan's ("Chan") Motion for Summary Judgment (filing no. 23), Plaintiff Jesus Brown's ("Brown") Motion to Amend to Change Defendant's Name (filing no. 26) and Motion for Summons (filing no. 27), and Defendants' Motion to Extend and Reset Progression Deadlines (filing no. 29).

## I. BACKGROUND

Brown is an inmate currently incarcerated at the Lincoln Correctional Center ("LCC") in Lincoln, Nebraska. (Filing No. 1.) Brown, pursuant to 42 U.S.C. § 1983, brought the instant civil rights action against Defendants Chan and Shawn Millikan ("Millikan"), as well as against numerous other Defendants whom this court previously dismissed after initial review of the Complaint. (*See* Filing No. 11.) Brown's only remaining claims in this suit are against Chan and Millikan in their individual capacities for alleged failure to protect.

On October 11, 2019, Chan, through counsel, filed his Motion for Summary Judgment, with an accompanying Index of Evidence and Brief, seeking to resolve only the claims asserted against Chan. (Filing Nos. 23–25.) Liberally construed,

Brown alleges Chan is liable for failing to protect him from an assault by two inmates at the Diagnostic & Evaluation Center ("DEC") on March 18, 2017, in violation of the Eighth Amendment to the United States Constitution. ([Filing No. 1 at CM/ECF pp. 6–7](#).) However, Chan has offered evidence demonstrating that he was not employed by the Nebraska Department of Correctional Services ("NDCS") at the time of the alleged assault. ([Filing No. 24-1](#); [Filing No. 24-2](#).) Therefore, Chan asserts he is entitled to judgment as a matter of law because Brown cannot offer any evidence supporting his claim that Chan failed to protect him and no such evidence exists.

In response to Chan's summary judgment motion, Brown filed a motion on October 31, 2019, acknowledging that Chan is not a proper Defendant to the Complaint and seeking permission to amend his Complaint to substitute "Tony Tran" for Chan and additional time to conduct discovery. ([Filing No. 26](#).) Brown also moved the court to issue summons on "Tony Tran." ([Filing No. 27](#).) Defendants Chan and Millikan filed a response to Brown's motion to amend in which they indicated they have no objection to Brown being granted leave to amend his Complaint to dismiss Jonathan Chan as a defendant. ([Filing No. 28](#).) However, Defendants explained that they were unaware of any "Tony Tran" having ever worked at the DEC or LCC but were aware of a former NDCS employee named "Andy Tran" who did work at the DEC during the time frame alleged in Brown's Complaint. Thus, Defendants request that the court allow Brown to amend his Complaint to name "Andy Tran" (rather than "Tony Tran") as a defendant in this action. Upon filing of an Amended Complaint naming "Andy Tran," counsel for Defendants represented that she will file a waiver of service on his behalf and file a responsive pleading within 21 days of the date the Amended Complaint is filed as she has already conferred with Andy Tran. ([Id. at CM/ECF pp. 1–2](#).)

In addition, Defendants asked the court to reset the progression deadlines previously set by the court. ([Id. at CM/ECF p. 2](#).) As the court had not addressed the foregoing requests prior to now and due to the approaching dispositive motions

2

deadline, Defendants filed a Motion to Extend and Reset Progression Deadlines on December 5, 2019, asking that all progression deadlines be extended by 90 days from the date Brown's Amended Complaint is filed. (Filing No. 29.)

## II. DISCUSSION

First, the court addresses Chan's pending motion for summary judgment. Summary judgment should be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In passing upon a motion for summary judgment, the district court must view the facts in the light most favorable to the party opposing the motion. *Dancy v. Hyster Co.*, 127 F.3d 649, 652-53 (8th Cir. 1997). In order to withstand a motion for summary judgment, the nonmoving party must substantiate allegations with "'sufficient probative evidence [that] would permit a finding in [his] favor on more than mere speculation, conjecture, or fantasy.'" *Moody v. St. Charles Cnty.*, 23 F.3d 1410, 1412 (8th Cir. 1994) (quoting *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992)). Essentially, the test is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

Here, the undisputed evidence conclusively establishes that Chan was not employed by NDCS at the time of the alleged assault of which Brown complains and, thus, could not have failed to protect him. Brown concedes as much. Therefore, the court will grant Chan's motion for summary judgment and dismiss him from this matter with prejudice.

Next, the court turns to Brown's motion to amend his Complaint. Federal Rule of Civil Procedure 15(a)(2) provides that, where a party may not amend its pleading as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Here, Defendants do no object to Brown's

proposed amendment, and the court concludes such amendment is in the interests of justice. Accordingly, the court will give Brown 30 days to file an amended complaint naming "Andy Tran" as a defendant in his individual capacity only.[1] To be clear, Brown must restate the relevant allegations of his current Complaint against Millikan and any new allegations related to Andy Tran. **Plaintiff is warned that his amended complaint will supersede, not supplement, his prior pleading**.

Finally, both Brown and Defendants have requested extensions of the discovery and progression deadlines previously established by the court. Upon consideration, the court will grant the parties' requests and will enter a new progression order upon the filing of Brown's amended complaint to extend the progression deadlines to at least 90 days after the date the amended complaint is filed. Given counsel's representation that Andy Tran will waive service and enter a responsive pleading within 21 days of the filing of an amended complaint, the court will not wait for Tran's responsive pleading before entering the new progression order. Nor will the court grant Brown's motion for summons (filing no. 27) at this time in light of counsel's representations and because the motion seeks to issue summons on "Tony Tran."

IT IS THEREFORE ORDERED that:

1. Defendant Chan's Motion for Summary Judgment (filing no. 23) is granted. Chan is dismissed as a defendant in this matter with prejudice.

2. Plaintiff's Motion to Amend to Change Defendant's Name (filing no. 26) is granted consistent with this Memorandum and Order. On or before **January**

---

[1] Contrary to the court's local rules, Brown did not file as an attachment to his motion to amend an unsigned copy of the proposed amended pleading that clearly identifies the proposed amendments. NECivR 15.1(a). Notwithstanding this omission, Brown is required to file an amended pleading upon being granted leave to amend. NECivR 15.1(c) ("The granting of the motion for leave to amend does not constitute filing the amended pleading.").

**6, 2020**, Plaintiff shall file an amended complaint naming "Andy Tran" as a defendant in his individual capacity only. Plaintiff must restate the relevant allegations of his current Complaint against Defendant Millikan and any new allegations related to Andy Tran. **Plaintiff is warned that his amended complaint will supersede, not supplement, his prior pleading**. Failure to file an amended complaint in accordance with this Memorandum and Order may result in this matter being dismissed without further notice to Plaintiff.

3. Plaintiff's Motion for Summons (filing no. 27) is denied.

4. Defendants' Motion to Extend and Reset Progression Deadlines (filing no. 29) is granted. The deadlines related to the previously-filed Order Setting Schedule for Progression of Case (filing no. 16) are suspended until further order of the court. Upon the filing of Plaintiff's Amended Complaint, the court will enter a new progression order progressing this matter to final resolution.

5. The Final Pretrial Conference scheduled for March 18, 2020, is continued until further order of the court.

6. The clerk of court shall transmit a copy of this Order to Magistrate Judge Zwart's chambers.

7. The clerk of court is directed to remove Defendant "Officer Chan" from this action.

8. The clerk of court is directed to set the following pro se case management deadline: **January 6, 2020**: check for amended complaint.

Dated this 6th day of December, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge