IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JESUS BROWN, | |
| Plaintiff, | 4:18CV3115 |
| vs. | |
| SGT. SHAWN MILLIKAN, in his individual capacity; and ANDY TRAN, in his individual capacity; | MEMORANDUM AND ORDER |
| Defendants. | |

This matter is before the court on Plaintiff's Motion for Appointment of Counsel. (Filing No. 42.) Plaintiff requests counsel be appointed to represent him as he is unable to afford counsel, he is incarcerated, he has limited knowledge of the law and limited time to spend in the prison law library, and "the complex nature of this case will call for discovery of documents and depositions of witnesses and Defendants, along with finding expert Medical witnesses to testify." (*Id*.)

The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel." Trial courts have "broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." *Id*. Having considered these factors, the request for the appointment of counsel will be denied without prejudice to reassertion.

The court notes that Plaintiff filed his motion shortly after Defendants filed their pending Partial Motion to Dismiss. (Filing No. 39.) Pursuant to local rule, the party opposing a motion to dismiss must file and serve a brief in opposition to the motion within 21 days after the motion and supporting brief are filed and served. NECivR 7.1(b). For Plaintiff, that deadline would be Tuesday, February 11, 2020. Given the lapse in time between the filing of Plaintiff's motion for appointment of counsel and the court's ruling on said motion, the court, on its own motion, will give Plaintiff until Friday, February 21, 2020, to file a brief in opposition to Defendants' Partial Motion to Dismiss. *See* Fed.R.Civ.P 6(b)(1)(A). Defendants shall have 7 days after the filing of Plaintiff's brief to file and serve a reply brief if they so choose.

IT IS THEREFORE ORDERED that:

1.     Plaintiff's Motion for Appointment of Counsel (filing no. 42) is denied without prejudice to reassertion.

2.     Plaintiff shall have until close of business on **Friday, February 21, 2020**, to file and serve a brief in opposition to Defendants' Partial Motion to Dismiss. In setting this deadline, the court has already taken the prison mailbox rule into account. Therefore, Plaintiff's brief must be **received** by the court no later than Friday, February 21, 2020.

3.     Defendants may file and serve a reply brief within 7 days of the filing of Plaintiff's brief.

4.     The clerk of the court is directed to set a pro se case management deadline using the following text: **February 21, 2020**: check for Plaintiff's brief.

Dated this 7th day of February, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge