## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JESUS BROWN, | |
| Plaintiff, | **4:18CV3115** |
| vs. | |
| SGT. SHAWN MILLIKAN, in his individual capacity; and ANDY TRAN, in his individual capacity; | **MEMORANDUM AND ORDER** |
| Defendants. | |

This matter is before the court on Defendants' Motion to Stay Discovery. (Filing No. 48.) Defendants have filed a motion and brief in support of partial dismissal of Plaintiff's Amended Complaint. (Filing No. 39; Filing No. 40.) Defendants seek an order staying discovery until the court resolves their motion for partial dismissal, which is fully briefed and ripe for resolution.

The power of a district court to stay an action pending on its docket is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); *see Kreditverein der Bank Austria Creditanstalt fur Niederosterreich und Bergenland v. Nejezchleba*, 477 F.3d 942, 945 (8th Cir. 2007) (recognizing a district court's inherent power to stay an action). "Similarly, it is a 'settled proposition that a court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.'" *Mendoza v. United States Immigration*, No. 8:13CV65, 2013 WL 12123539, at *2 (D. Neb. May 29, 2013), aff'd sub nom. *Mendoza v. U.S. Immigration & Customs Enf't*, No. 8:13CV65, 2013 WL 4716354 (D. Neb. Sept. 3, 2013) (quoting *Farouki v. Petra Int'l. Banking, Corp.*, 683 F. Supp. 2d 23, 26 (D. D.C. 2010)).

"In determining whether staying a case is appropriate, the court will consider factors such as the economy of judicial resources and balancing the potential prejudice, hardship, and inequity to the parties." *Id.*; *see also Nken v. Holder*, 556 U.S. 418, 434 (2009) (noting the court may consider the public interest and the parties' likelihood of success on the case's merits). "The party requesting a stay of discovery must demonstrate good cause for the stay." *Buc-ee's Ltd. v. Bucks, Inc.*, No. 8:17CV287, 2018 WL 443320, at *4 (D. Neb. Jan. 16, 2018) (citing *TE Connectivity Networks, Inc. v. All Sys. Broadband, Inc.*, Civil No. 13-1356 ADM/FLN, 2013 WL 4487505, at *2 (D. Minn. Aug. 20, 2013)). Ultimately, "[t]he decision granting or denying a stay 'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *Prism Techs., LLC v. U.S. Cellular Corp.*, No. 8:12CV125, 2015 WL 13215454, at *1 (D. Neb. Sept. 29, 2015) (quoting *Landis*, 299 U.S. at 254–55)). Upon consideration of the appropriate factors,

IT IS THEREFORE ORDERED that: Defendants' Motion to Stay Discovery (Filing No. 48) is granted. Discovery is stayed until resolution of Defendants' pending motion for partial dismissal and further order of the court. This means that Defendants are not required to respond to any outstanding discovery requests, and Plaintiff is not authorized to serve any additional discovery requests, unless and until the court enters an order lifting the stay.

Dated this 27th day of February, 2020.

BY THE COURT:

Richard G. Kopf
Senior United States District Judge