IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JESUS BROWN,<br><br>   Plaintiff,<br><br>vs.<br><br>SGT. SHAWN MILLIKAN, in his individual capacity; and ANDY TRAN, in his individual capacity;<br><br>   Defendants. | 4:18CV3115<br><br>**MEMORANDUM AND ORDER** |

  This matter is before the court on Defendants Shawn Millikan's ("Millikan") and Andy Tran's ("Tran") (collectively "Defendants") Partial Motion to Dismiss Plaintiff's Amended Complaint. (Filing 39.) For the reasons explained below, the Partial Motion to Dismiss will be granted.

## I. BACKGROUND

  Plaintiff Jesus Brown ("Brown" or "Plaintiff"), an inmate currently confined at the Lincoln Correctional Center ("LCC"), filed a Complaint (filing 1) pursuant to 42 U.S.C. § 1983 on August 24, 2018, against nine Nebraska Department of Correctional Services ("NDCS") administrators and employees in both their official and individual capacities. Brown alleged the NDCS Defendants denied him medical care and failed to protect him from harm in violation of the Eighth and Fourteenth Amendments to the United States Constitution.

  The court conducted an initial review of Brown's Complaint on May 31, 2019, in accordance with 28 U.S.C. §§ 1915(e) and 1915A and dismissed all of Brown's claims except for one. (Filing 11.) The court determined Brown had stated an Eighth Amendment claim for alleged failure to protect against Officer

Chan ("Chan") and Millikan in their individual capacities only and allowed that claim to proceed to service of process. (*Id*. at CM/ECF pp. 9, 16–17.)

After being served and filing an Answer (filing 15), Chan filed a Motion for Summary Judgment (filing 23) based on the fact that he was not employed by NDCS at the time of the alleged assault at issue in Brown's Complaint. The court granted summary judgment for Chan and dismissed him from this matter with prejudice. (Filing 30.) The court also granted Brown leave to file an Amended Complaint naming Tran as a defendant in his individual capacity only. The court specifically advised Brown that he "must restate the relevant allegations of his current Complaint against Millikan and any new allegations related to Andy Tran" and "**warned [him] that his amended complaint will supersede, not supplement, his prior pleading**." (*Id*. at CM/ECF p. 4 (emphasis in original).)

Brown filed his Amended Complaint on December 30, 2019. (Filing 37.) Brown's Amended Complaint again asserts an Eighth Amendment claim against Tran and Millikan for failure to protect him from an assault on March 18, 2017 at the Diagnostic and Evaluation Center ("DEC"), but also purports to allege claims for violations of his due process rights "in connection with [Brown's] disciplinary proceedings" and for "failure to provide adequate medical care." (*Id*. at CM/ECF p. 7.)

On January 21, 2020, Defendants filed the instant Partial Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)[1] (filing 39) and a brief in support of the motion

---

[1] The court notes that by filing a motion pursuant to Fed. R. Civ. P. 12(b)(6), Tran effectively has waived service of process. *See* Fed. R. Civ. P. 12(h)(1)(A) ("A party waives any defense listed in Rule 12(b)(2)-(5) by . . . omitting it from a motion in the circumstances described in Rule 12(g)(2) . . . ."); Fed. R. Civ. P. 12(g)(2) ([A] party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."). Defendants have only moved to dismiss Plaintiff's complaint under Rule12(b)(6). Consequently, Rule 12(b)(4) and Rule 12(b)(5) defenses of insufficient process and insufficient service of process are waived. *See* Wright & Miller, 5B *Fed. Prac. & Proc.*

(filing 40). Defendants contend that Brown's Amended Complaint fails to state a claim upon which relief can be granted for violation of his due process rights in connection with his disciplinary proceedings and for failure to provide adequate medical care. In addition, Defendants argue that Brown has failed to allege sufficient facts to state an Eighth Amendment failure-to-protect claim against Millikan and ask that Millikan be dismissed as a defendant from this action. On February 11, 2020, Brown filed his "Objection and Motion to Strike Defendant's Motion to Dismiss" which the court construes as his brief in opposition to Defendants' Partial Motion to Dismiss.[2] (Filing 45.) Defendants filed a reply brief on February 18, 2020. (Filing 46.)

## II. STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Rather, well-pleaded factual allegations must "plausibly give rise to an entitlement to relief." *Id*. at 679. That is, they must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see Usenko v. MEMC LLC*, 926 F.3d 468, 472 (8th Cir. 2019).

---

*Civ.* § 1353 (3d ed.) ("[I]f a motion is made asserting any of the defenses listed in Rule 12(b), any objection to process must be joined in that motion or it will be deemed waived. Thus, a subsequent motion under Rule 12(b)(4) or Rule 12(b)(5) raising the defense or its inclusion in the answer will be barred and the court will proceed with the case.")

[2] To the extent Brown's brief in opposition could be construed as a motion to strike Defendants' Partial Motion to Dismiss, it is denied as motions are not considered pleadings that can be stricken under Fed. R. Civ. P. 12(f). *See, e.g.*, *Granger v. Gill Abstract Corp.*, 566 F.Supp.2d 323, 335 (S.D.N.Y. 2008) ("Motions, declarations and affidavits are not pleadings"); *Knight v. U.S.*, 845 F.Supp. 1372, 1374 (D. Ariz. 1993) ("motions to strike apply only to pleadings").

A plaintiff satisfies the plausibility requirement when he "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This standard requires the plaintiff to allege "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Determining whether a claim is plausible is a 'context specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Hamilton v. Palm*, 621 F.3d 816, 818 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679).

In assessing a motion to dismiss, the court must take all the factual allegations in the complaint as true but is not bound to accept as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555. The facts alleged must raise a reasonable expectation that discovery will reveal evidence to substantiate the necessary elements of the plaintiff's claim. *See id*. at 556. The court must assume the truth of the plaintiff's factual allegations, and a well-pleaded complaint may proceed, even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely. *Id*.

A complaint's factual allegations do not need to be "detailed," but they must be "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id*. at 555. The plaintiff is obligated to provide within his complaint sufficient facts to establish "the grounds of his entitlement to relief." *Id*. (cleaned up). The reviewing court should not assume the truth of allegations that are merely conclusory in nature, *Iqbal*, 556 U.S. at 681, and should reject "catch-all assertions of law and unwarranted inferences," *Rand Heart of N.Y., Inc. v. Dolan*, 812 F.3d 1172, 1176 (8th Cir. 2016) (quoting *In re K-tel Int'l, Inc. Sec. Litig.*, 300 F.3d 881, 889 (8th Cir. 2002)); *see In re SuperValu, Inc.*, 925 F.3d 955, 962 (8th Cir. 2019).

## III. DISCUSSION

**A. Due Process**

Defendants assert that Brown's Amended Complaint fails to state a claim for a violation of his due process rights under the Fourteenth Amendment. "The Supreme Court mandates a two-step analysis for procedural due-process claims: 'We first ask whether there exists a liberty or property interest of which a person has been deprived, and if so we ask whether the procedures followed by the State were constitutionally sufficient.'" *Jenner v. Nikolas*, 828 F.3d 713, 716 (8th Cir. 2016) (quoting *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011)). "Protected liberty interests may arise from the Due Process Clause itself or from an expectation or interest created by state law or policies." *Id.* (citing *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005)). "Generally, 'due process requires that a hearing before an impartial decisionmaker be provided at a meaningful time, and in a meaningful manner.'" *Booker v. City of Saint Paul*, 762 F.3d 730, 734 (8th Cir. 2014) (quoting *Coleman v. Watt*, 40 F.3d 255, 260 (8th Cir. 1994)). A plaintiff is entitled to due process only when a protected property or liberty interest is at stake. *See Hopkins v. Saunders*, 199 F.3d 968, 975 (8th Cir. 1999).

A liberty interest arises under the Due Process Clause when the consequences of the state's actions are "stigmatizing" and "qualitatively different from the punishment characteristically suffered by a person convicted of crime." *Sandin v. Conner*, 515 U.S. 472, 479 n.4 (1995) (citing *Vitek v. Jones*, 445 U.S. 480, 493–94 (1980)). Thus, a liberty interest inherent in the Due Process Clause arises when a person has substantial, albeit conditional, freedom such as when he is on probation or parole. *Edwards v. Lockhart*, 908 F.2d 299, 301 (8th Cir. 1990). A state-created liberty interest arises when a statute or regulation imposes an "atypical or significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 483–84; *see also Wilkinson*, 545 U.S. at 223; *Wolff v. McDonnell*, 418 U.S. 539, 555–58 (1974). A state-created liberty interest

also arises when a state's actions will inevitably affect the duration of the sentence. *Sandin*, 515 U.S. at 487.

In disciplinary proceedings where a protected liberty interest is at stake, prisoners must be provided certain minimal procedural requirements. *Wolff*, 418 U.S. at 564–66. Specifically, a prisoner must be given written notice of the charges against him at least twenty-four hours before the disciplinary hearing, a written statement by the factfinder as to the evidence relied upon and reasons for the disciplinary action, and the right to call witnesses and present evidence where permitting the prisoner to do so would not be unduly hazardous to institutional safety or correctional goals. *Id*.

Here, Brown merely alleges in a conclusory fashion that Tran and Millikan denied him "due process in connection with the Plaintiff's disciplinary proceedings" and requests damages for the alleged deprivation. (Filing 37 at CM/ECF p. 7.) Brown's threadbare allegation fails to establish that Brown had a protected liberty interest, that the procedures followed at his disciplinary hearing were constitutionally insufficient, or that either Defendant was in any way personally involved in depriving him of his right to due process. *See Iqbal*, 556 U.S. at 676 (to state a claim under § 1983, a plaintiff must plead that a government official personally violated the plaintiff's constitutional rights); *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (a plaintiff must allege how each individual's actions violated the Constitution); *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (liability under § 1983 requires a causal connection between the individual's actions and the deprivation of the right). Accordingly, the court will dismiss Brown's due process claim as the Amended Complaint contains no facts to state a plausible claim for relief based upon any alleged denial of due process.

**B. Denial of Medical Care**

Defendants contend that Brown's Amended Complaint fails to state an Eighth Amendment claim for denial of medical care against either Defendant. To

prevail on an Eighth Amendment claim, Brown must prove that Defendants acted with deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The deliberate indifference standard includes both an objective and a subjective component. Brown must demonstrate that (1) he suffered from objectively serious medical needs, and (2) the defendants knew of, but deliberately disregarded, those needs. *See Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir.1997)).

As with his due process claim, Brown fails to allege any facts suggesting that either Tran or Millikan violated his constitutional right to receive adequate medical care. Rather, Brown's Amended Complaint only includes vague allegations about inadequate medical care being provided by unidentified medical staff and the warden. (Filing 37 at CM/ECF p. 4.) Brown does not allege that Tran or Millikan provided or personally participated in his medical care and his request for damages based on Defendants' alleged "failure to provide adequate medical care to the Plaintiff" is wholly insufficient to state a plausible claim for relief. (*Id*. at CM/ECF p. 7.) Thus, Brown has failed to allege sufficient facts to state a claim against Tran or Millikan for violation of his Eight Amendment right to adequate medical care, and his claim will be dismissed.

**C. Failure to Protect**

Lastly, Defendants argue that the Amended Complaint fails to state a claim under the Eighth Amendment against Millikan for failure to protect. "[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). However, prison officials do not incur constitutional liability for every injury suffered by a prisoner. *Id*. at 834. In order to prevail on an Eighth Amendment failure-to-protect claim, an inmate must make two showings. First, the inmate must demonstrate that he or she is "'incarcerated under conditions posing a substantial risk of serious harm.'" *Jensen v. Clarke*, 73 F.3d 808, 810 (8th Cir. 1996) (quoting *Farmer*, 511 U.S. at

834). The second requirement concerns the state of mind of the prison official who is being sued. *Id*. It mandates that the inmate show that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Id*. (internal quotation omitted). This subjective requirement is necessary because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Id*. (internal quotation omitted).

Upon initial review of the Complaint, the court concluded that Brown had stated a cognizable claim against Millikan for failure to protect. (Filing 11 at CM/ECF p. 9.) In permitting Brown to amend his Complaint to name Tran as a defendant, the court cautioned Brown that his Amended Complaint would supersede his original Complaint and that he must restate all relevant allegations against Millikan in addition to any new allegations related to Tran. (Filing 30 at CM/ECF p. 4.) However, the only allegations against Millikan in the Amended Complaint are (1) that he was employed by NDCS at the time of the alleged assault (filing 37 at CM/ECF pp. 2, 5), (2) that Millikan "fail[ed] . . . to act on his knowledge of a substantial risk of serious harm to [Brown]" as a result of which, Brown "was viciously assaulted and received serious physical and emotional injuries" (*id*. at CM/ECF pp. 5–6.), and (3) that Millikan "fail[ed] to provide protection when he was informed of [Brown's] concerns of being placed into Unit #9 and the fact that no sex offenders were actually living in Unit #9" (*id*. at CM/ECF p. 6).

Brown argues in his brief in opposition that there are sufficient factual allegations to support a cause of action against both Millikan and Tran for failing to protect him from the March 18, 2017 assault. (Filing 45 at CM/ECF p. 2.) However, the majority of Brown's brief focuses on the acts and knowledge about his safety concerns of individuals who are no longer parties to this action (Sorensen) or who never were ("unnamed and unknown defendants at DEC"). (*Id*. at CM/ECF p. 1.) Such assertions are irrelevant to Brown's claims against

Millikan. In addition, Brown attached a handwritten statement of facts to his brief and appears to argue that the statement should be used to supplement and bolster the allegations of the Amended Complaint. (*Id.* at CM/ECF p. 1; *see also* Filing 45-1.) Brown is incorrect for, as Defendants point out, Brown cannot overcome a motion to dismiss by asserting and relying on new facts that are not contained in the Amended Complaint. *See Glick v. Western Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019) (holding that while the plaintiff had raised additional facts in his filings opposing the defendants' motion to dismiss, those additional facts could not be considered on a motion to dismiss as they were not contained in the amended complaint).

As it stands, the Amended Complaint fails to allege sufficient facts to support the conclusion that Millikan was personally involved in, or directly responsible for, any deprivation of Brown's Eighth Amendment rights. While Brown alleges he informed Millikan of his concerns of being placed into Unit 9 where he was attacked (filing 37 at CM/ECF p. 6), Brown does not connect any action of Millikan to Brown's actual placement in Unit 9 or allege that Millikan was personally involved in or responsible for his transfer. To state a claim, Brown is required to allege that Millikan "knew [Brown] was at risk of being attacked and explain how [Millikan's] response to this threat of attack was unreasonable." *See Deas v. Kohl*, No. 8:15CV35, 2015 WL 4601523, at *5 (D. Neb. July 29, 2015). The Amended Complaint does not contain any allegations to suggest that Millikan was aware of Brown's transfer, that he had any power to transfer Brown or stop his transfer, that he had any ability to make arrangements for Brown's safety once transferred, or that he was in any way involved in Brown's transfer. Accordingly, the court concludes that Brown's failure to protect claim against Millikan must be dismissed for failure to state a claim upon which relief can be granted.

IT IS THEREFORE ORDERED that:

1. Defendants' Partial Motion to Dismiss (filing 39) is granted.

2. Plaintiff's Fourteenth Amendment due process claim and Eighth Amendment medical care claim against Defendants Tran and Millikan are dismissed with prejudice.

3. Plaintiff's Eighth Amendment failure to protect claim against Defendant Millikan is dismissed with prejudice.

4. Defendant Millikan is dismissed as a Defendant from this suit. The clerk of the court is directed to remove Sgt. Shawn Millikan as a defendant in this matter.

5. The only remaining claim is Plaintiff's Eighth Amendment failure to protect claim against Defendant Tran. Within 14 days of the date of this order, Defendant Tran shall file an answer to the Amended Complaint.

6. The court will enter a new progression order after Defendant Tran files an answer to the Amended Complaint.

7. The clerk of the court is directed to set a pro se case management deadline using the following text: **November 30, 2020**: deadline for Defendant's answer.

Dated this 13th day of November, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge